THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MIKE DeLAUGHTER, Defendant-Appellant.

(No. 12098;

Fourth District—November 14, 1973.

Paul Bradley, Deputy Defender, of Chicago, (Richard D. Thomas and Robert E. Davison, Assistant Appellate Defenders, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted at a jury trial of the offense of burglary. A sentence of not less than 2 nor more than 10 years in the Illinois State Penitentiary was imposed. Upon this direct appeal, the defendant contends that the evidence was not sufficient to convict beyond a reasonable doubt; that error was committed in the giving of certain instructions and that the sentence was excessive.

The burglary allegedly occurred in the early morning of June 8, 1972, at a Gulf station in Decatur, Illinois. The defendant at that time was working in another gas station across the street from the burglarized premises. A Leslie Craig and Forest Fields came into the station where the defendant was employed and discussed with the defendant their desire to get even with the owner of the Gulf station across the street because the work he had done on Craig's car was unsatisfactory. Craig and Fields had been drinking. Defendant had previously been convicted of a burglary that had involved the theft of some $40 from the same Gulf station at which the defendant had been employed at the time of the prior offense. The defendant told Craig and Fields how the door on the Gulf station could be opened with a knife.

Craig went across the street to the Gulf station, but returned, stating that he had become frightened and that he was unable to open the door. The defendant thereupon went across the street and opened the door for Craig and then returned to his place of employment. The evidence is that the defendant did not enter the Gulf station. Craig and Fields took money and merchandise from the Gulf station. The money was divided between them and Craig apparently kept the merchandise. Later, Craig gave $5 to the defendant.

Two statements written by the defendant were admitted into evidence. So far as relevant to this appeal, those statements corroborate the foregoing summary of the evidence except for the fact that the defendant in his statement indicated that he showed Craig how to slip the lock on the door to the station and told him how to knock a wire out so that he could get the lock off.

■■ Two instructions were given to the jury, I.P.I. Nos. 1405 and 1406, modified as to the issue of accountability. There was no objection to the giving of these instructions. However, it is clear that the defendant's conviction rested upon his accountability for the acts of Craig and Fields. The People offered and the court gave an instruction upon the law of accountability and that instruction contains appropriate reference to the required intent. While the instructions as given without objection would of course have been subject to a timely and proper objec-

tion, we cannot say from our examination of all the given instructions that the jury was confused by the improper language used nor that the outcome of the proceedings would have been different. In *People v. Price*, 96 Ill.App.2d 86, 238 N.E.2d 881, we noted that in order to avail himself of Supreme Court Rule 451(c) (Ill. Rev. Stat., ch. 110A, par. 451(c)) with reference to a substantial defect:

> "This Rule does not remove the necessity for making specific objections to instructions in the conference on instructions in the trial court. Rather it places squarely upon the shoulders of a defendant who seeks to avoid a waiver in the reviewing court the obligation to establish (a) that the defects in the instruction are substantial and (b) that its giving resulted in denying to the defendant justice and a fair trial." (at p. 95)

■■ The court gave an instruction that the statement of the defendant was evidence that the defendant made "confessions" of facts relating to the crime charged in the indictment and that it was for the jury to determine whether the defendant made the confession, and, if so, what weight should be given to the confession. This instruction (I.P.I. 3.07) was given. I.P.I. 3.06, tendered by the defendant, the same being a characterization of the defendant's two statements as an admission, was also given. Counsel for the defendant did not expressly object to the giving of the confession instruction, but rather stated that he would prefer that the admission instruction be given. That does not constitute an affirmative objection to the given instruction. For the reasons stated, we cannot conclude that the outcome of this proceeding would have been any different without reference to the issue of which of the instructions was appropriate under the evidentiary facts. (See *People v. Rollins*, 119 Ill.App.2d 116, 255 N.E.2d 471.) While both these instructions should not have been given upon this record, we find no reversible error.

■■ As to the issue that the evidence was insufficient to prove the defendant guilty beyond a reasonable doubt, we deem it unnecessary to make a more detailed evidentiary recitation. In our view of this record, the evidence was sufficient to establish guilt beyond a reasonable doubt upon the theory of accountability for the act of Craig and Fields. Accordingly, and pursuant to Supreme Court Rule 23, judgment of conviction is affirmed.

We find no merit in the defendant's contention that the sentence imposed was excessive. The judgment and sentence are affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.